UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY GILMAN *et al.*,<br>        Plaintiffs, | )<br>)<br>) |
| vs. | )<br>)          1:12-cv-0128-SEB-TAB |
| MANNON L. WALTERS *et al.*,<br>        Defendants. | )<br>)<br>) |

**ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR
INTRA-DISTRICT TRANSFER OF VENUE**

This cause is before the Court on the Renewed Motion of Mannon L. Walters, *et al.*,[1] Defendants, for Intra-District Transfer of Venue [Docket No. 42] to the United States District Court for the Southern District of Indiana, Evansville Division, filed on June 28, 2012, pursuant to 28 U.S.C. § 1404. Defendants allege that divisional venue is more appropriate in Evansville, which is the situs for all acts and omissions alleged by Plaintiffs, Larry Gilmore, *et al.*, in their Amended Complaint [Docket No. 37]. Further, Defendants allege that transfer of this lawsuit to the Evansville Division will serve the interests of justice and facilitate the convenience to the witnesses and parties. Plaintiffs disagree; thus, their decision to file this action in the Indianapolis Division. For the reasons detailed in this entry, we GRANT Defendants' Renewed Motion for Intra-District Transfer; and transfer the file to the Evansville Division.

---

[1] Excepted from this motion are Defendants MLW, Inc. and John and Jane Does I-X. To our knowledge, they do not object to the requested transfer.

1

**Factual Background**

Plaintiffs are citizens of various states, including Arizona, California, Colorado, Florida, Idaho, Oregon, Minnesota, Virginia, Utah, and Washington.  Am. Compl. ¶¶ 3-35.  Nominal Defendants are limited partnerships based in Delaware, Texas, and Indiana.  *Id.* ¶¶ 36-40.  Defendants are citizens of Illinois and Indiana as well as corporations based in Illinois, Indiana, Kentucky, Nevada, and Tennessee.  All Defendants which are corporations have their headquarters in Evansville, Indiana.  *Id.* ¶¶ 41-48.

Plaintiffs are investors in Nominal Defendants, which exist for the purpose of selling investments in oil wells around the country.  Am. Compl. ¶ 50.  Defendant Walters, in his individual capacity, managed Plaintiffs' investments through his various entities.  *Id.*  Presently, Plaintiffs allege that Defendants' wrongful conduct in connection with the sale and management of Nominal Defendant entities has caused both Plaintiffs and Nominal Defendants to suffer damages.  Plaintiffs have asserted numerous causes of action against Defendants, including violations of federal securities laws, fraud, breach of fiduciary duty, and breach of contract.

**Legal Analysis**

**I. Standard of Review**

The federal venue statute, 28 U.S.C. § 1404(a), is designed "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616

(1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)); *Wabash Valley Feed & Grain, LLC v. Hust*, No. 3:11-cv-14-SEB-WGH, 2011 WL 3902780, at *8 (S.D. Ind. Sept 6, 2011). Significantly, it provides that, "[f]or the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), the moving party bears the burden of establishing "that (1) venue is proper in the transferor [division], (2) venue and jurisdiction are proper in the transferee [division], and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996). A district court "has wide discretion to weigh factors for and against transfer when making this determination," *Heckler & Koch, Inc. v. Precision Airsoft,* LLC, No. 1:09-cv-485-SEB-JMS, 2010 WL 1257450, at *1 (S.D. Ind. Mar. 25, 2010), and can do so on a case-by-case basis. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Because both parties have agreed that Southern District of Indiana is the proper venue for adjudication in this lawsuit, the sole issue before the Court is whether the Evansville Division is a more suitable venue when considering the convenience of the parties, convenience of the witnesses, and the interests of justice.

**II. Discussion**

Our analysis begins by acknowledging Plaintiffs' choice to file their lawsuit in the Indianapolis Division of the Southern District of Indiana. Traditionally, district courts

3

afford substantial deference to a plaintiff's designated forum selection. *Butterick Co. v. Will*, 316 F.2d 111, 112 (7th Cir. 1963); *Wabash Valley*, 2011 WL 3902780, at *9. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). However, the Seventh Circuit has stated that this factor has "minimal value where none of the conduct . . . occurred in the forum selected by the plaintiff." *Chi., R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (citation omitted). District courts traditionally treat the plaintiff's chosen forum with less deference when the plaintiff opts to litigate outside his "home forum." *Volkswagen Aktiengesellschaft v. Dee Eng'g, Inc.*, No. 1:02-cv-1669-LJM, 2003 WL 1089515, at *2 (S.D. Ind. Mar. 4, 2003) (citations omitted). In such situations, the court considers the defendant's place of residence and the relative ability of each party to bear the expenses of trial in a particular forum. *Id.* (citing *State Farm Mut. Auto Ins. Co.*, 939 F. Supp. at 651). Here, nothing seems to justify more than a little weight to Plaintiffs' choice of forum because Plaintiffs have made clear that the acts or omissions occurred in Evansville, Indiana, where all Defendants reside. *See* Am. Compl. ¶¶ 2, 41-47; Defs.' Br. at 3.

**A.  Convenience of the Parties and Witnesses**

Defendants argue that, because Evansville, Indiana is the locus of their respective residences and all alleged acts and omissions asserted in the Amended Complaint, it clearly is more convenient for the parties and witnesses to litigate this dispute in that division.

4

Defendants further allege that Plaintiffs, all of whom will be required to travel to Indiana from out of state, will be inconvenienced to that extent regardless of whether this case proceeds in Evansville or Indianapolis.  According to Defendants, maintaining venue in Indianapolis will subject them to unnecessary inconvenience and travel expenses that could be entirely avoided by transferring the lawsuit to the Evansville Division.

Plaintiffs rebut Defendants' arguments regarding convenience, claiming that Indianapolis is far more convenient for parties and witnesses expected to have to appear at trial in terms of travel expenses because the Indianapolis International Airport is more easily accessible and less costly for air travel than is the Evansville Regional Airport which is serviced only by two regional carriers.[2]  Plaintiffs' view is reinforced by the fact that there are a total of thirty-four individual Plaintiffs as well as their representatives, all of whom are located out of state; in contrast, there are only two individual Defendants, both of whom are residents of Evansville.  Plaintiffs also note that while Defendants have opted to retain counsel from Evansville, Plaintiffs are represented by Indianapolis-based and out of state counsel.

Although we suspect that transferring this lawsuit to Evansville would not cause substantial hardship for Plaintiffs, we must ensure that the effect of this transfer is not "a mere shift of inconveniences among parties."  *Whitney v. Big Dog Holdings, Inc.*, No.

---

[2] Although we have refrained from conducting an extensive survey of current airfares, we cannot definitively say that one airport is "cheaper" than the other.  Further, Plaintiffs do not consider the potential differences in other travel-associated costs, *e.g.*, food, lodging, and ground transportation; thus, there is nothing to suggest that the overall cost of litigating in Indianapolis would not be higher.

1:07-cv-1026-SEB-WTL, 2007 WL 3334503, at *3 (S.D. Ind. Nov. 7, 2007) (quoting *Moore v. AT & T Latin Am. Corp.*, 177 F. Supp. 2d 785, 879 (N.D. Ill. 2001)). The evidence before us indicates that such a transfer would effect no shift of inconvenience. Changing the forum to Evansville likely would lessen the inconvenience borne by Defendants with respect to costs of travel and evidence production. Moreover, because any expense incurred by Plaintiffs would arise in conjunction with their travel to Indiana, journeying to a trial in Evansville would not be substantially more inconvenient to Plaintiffs than would journeying to Indianapolis.

**B.   Interest of Justice**

The next factor we consider, the interest of justice, shifts the focus to the efficient administration of the court system, as opposed to litigants' private concerns. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986); *Estate of Leon v. City of Seymour*, No. 1:08-cv-614-RLY-TAB, 2008 WL 4098978, at *2 (S.D. Ind. Aug. 27, 2008). This factor is distinct "and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Forecast Sales v. Axxiom Mfg., Inc.*, No. 1:10-cv-2011 WL 3206967, at *5 (S.D. Ind. July 28, 2011) (quoting *Coffey*, 796 F.2d at 220 (internal citations omitted)). In conducting this portion of the § 1404(a) transfer analysis, we consider "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th. Cir. 1989) (citing *Coffey*, 796 F.2d at 221). Additional factors might include "the plaintiff's

choice of forum, the availability of evidence, and the district in which a jury could best apply community standards." *Estate of Leon*, 2008 WL 4098978, at *2 (citing *Coffey*, 796 F.2d at 221 n. 4; *N. Ind. Pub. Serv. Co. v. Envirotech Corp.*, 566 F. Supp. 362, 364 (N.D. Ind.1983)).

Because the requested transfer is intra- and not inter-district, we need not address such issues as uniformity of the adjudicator. After the Clerk reassigns this case to the Evansville division, the magistrate, district court judge, or both could remain the same, regardless of venue; so, too, will the general pool from which the jury is selected. Defendants also assert that the sources of proof, including all records relating to Defendants' business entities, are located in Evansville where the limited partnerships' principal offices are located. Our court has previously held that "[i]t is. . . not unusual that venue will be transferred to the district where defendant has its principal office, and where it transacts most of its business." *Whitney*, 2007 WL 3334503, at *4 (quoting *Indianapolis Motor Speedway Corp. v. Polaris Indus., Inc.*, No. IP99-1190-C-B/S, 2000 WL 777874, at *5 (S.D. Ind. June 15, 2000) (internal citation omitted)). Plaintiffs fear that transfer to Evansville would disrupt the ongoing litigation process in Indianapolis, where numerous filings, motions, orders and exhibits have been entered on the docket. However, in light of the District's well-honed electronic docketing system, we find this argument entirely unpersuasive. Indeed, our case management system permits identical access to all documents in any given lawsuit regardless of the division; thus, transferring this lawsuit from one division to another has no effect on docket accessibility or efficiency.

## **Conclusion**

Having carefully reviewed the arguments of each side, we conclude that transfer is appropriate to the Evansville Division.   Transferring this litigation will place it significantly closer to the events alleged in the Amended Complaint without causing any substantial offsetting inconvenience to Plaintiffs.   Defendants' Renewed Motion for Intra-District of Venue is therefore GRANTED.   The Clerk is hereby directed to reassign this lawsuit to the Evansville Division in accordance with the regular policies and procedures of the Clerk's Office.

IT IS SO ORDERED.

Date: _____08/06/2012_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Clay W. Havill
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
chavill@zsws.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Edwin L. Sisam
SISAM & ASSOCIATES, LLP
ed@sisam.com

Joshua H. Sisam
SISAM & ASSOCIATES, LLP
josh@sisam.com